UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN EDWARDS REYNOLDS,

Plaintiff,

-against-

UNITED STATES OF AMERICA; ASSISTANT WARDEN ELMORE; ADMINISTRATOR OF HEALTH SERVICES BRIAN WALLS; ADMINISTRATOR OF HEALTH SERVICES MS. GROVE; DIRECTOR OF HEALTH SERVICES DR. ALFONSO LINLEY; MID-LEVEL MEDICAL PROVIDER ANN STEWART; WARDEN PLILER; ASSISTANT WARDEN MR. HEUETT; FORMER WARDEN JOHN PETRUCCI; FORMER ASSISTANT WARDEN DAVID LEMASTER,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 8/6/2021

21-CV-4763 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who is currently incarcerated at Otisville Correctional Facility, brings this *pro se* action under the Court's federal question jurisdiction, alleging that Defendants violated his federally protected rights. By order dated June 1, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

By order dated June 7, 2021, Chief Judge Swain *sua sponte* construed Plaintiff's claims as arising under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, and under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). That order directed Plaintiff to address his efforts to comply with the administrative exhaustion requirements of the FTCA, and defendants' personal involvement in violating his constitutional rights. In a letter submitted on July 1, 2021, Plaintiff acknowledged that he did not mail his administrative tort claim to the United States Bureau of Prisons (BOP) until June 23, 2021, or June 24, 2021, after he had filed this complaint. (ECF 7.) In an amended complaint filed on July 28, 2021, Plaintiff suggested that Defendants had interfered with his efforts to file complaints or grievances within the facility. He further asserted that Ms. Stewart's response to his medical

condition was inadequate and that she denied his requests to see Dr. Linley, that she and Ms. Grove "assured" him that the condition "wasn't scabbies," and that that Dr. Linley said that he had "no authority" to address facility conditions that Plaintiff claims caused his medical condition. (ECF 9 at 7.) The matter was then reassigned to this Court's docket.

## DISCUSSION

### A. Tort Claims

The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment.[2] 28 U.S.C. § 1346(b)(1). But before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013).

Pursuant to the FTCA, tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or an action must be commenced within six months of when the agency issued its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b). "Failure to exhaust the agency's administrative remedies within the statute of limitations will render the claim 'forever barred.'" *See id.* (citing *Castellanos v. Elrac Inc.*, No. 07-CV-2191 (DLE) (KAM),

---

[2] The United States of America is the only proper defendant in an FTCA action. *See* 28 U.S.C. § 2679(a), (b)(1). Plaintiff lists the United States as a defendant in the caption of the amended complaint, but does not list the United States as a defendant in the list of defendants attached to the amended complaint.

2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008)). The exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff's July 1, 2021 letter makes clear that he did not exhaust his administrative remedies with the BOP before he filed his complaint as the FTCA required. Accordingly, any FTCA claims Plaintiff seeks to assert are dismissed for failure to exhaust.

**B. Constitutional Claims**

A plaintiff asserting claims under *Bivens* must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under *Bivens* solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not provide any facts showing the personal involvement of Defendants Petrucci, Pliler, LeMaster, Elmore, Walls, and Heuett. They may not be held liable simply because they hold supervisory positions. Accordingly, the claims against these Defendants are dismissed without prejudice to Plaintiff providing additional facts in a second amended complaint showing their personal involvement in what occurred.

**C. Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Dr. Alfonso Linley; Mid-Level Medical Provider Ann Stewart; and Administrator of Health Services Ms. Grove through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants, and check the box on the USM-285 forms labeled "Check for service on U.S.A." The Clerk of Court is further instructed

to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D. Pending Motions**

In a motion to "charge defense for filing fees," Plaintiff asserts that because he is a sex offender, he has been discriminated against, "berated," and denied certain prison jobs, which is significant for him because he has no other source of income. (ECF 8.)

Plaintiff requested to proceed in this matter IFP, and submitted to the Court a signed prisoner authorization. (ECF 4.) That form provided that "by signing below, I acknowledge that . . . if I am granted IFP status, the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it." (*Id*.). The prisoner authorization further authorized the agency having custody to calculate the amounts specified under the IFP statute, to deduct those amounts from Plaintiff's prisoner account, and to disburse those amounts to this Court.

Plaintiff's request that he either not be charged the filing fee, or that the fee be levied against Defendants, must therefore be denied. *See Leonard v. Lacy*, 88 F.3d 181 (2d Cir. 1996) (obligation to pay filing fees is imposed prior to any assessment of complaint); *see also Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (Congress amended the IFP statute to require " prisoners to pay filing fees for the suits or appeals they launch.").[3]

[3] The claims asserted in the motion are wholly unrelated to the claims set forth in the amended complaint. If Plaintiff seeks damages or other relief in connection with the treatment described in the letter, he may assert them in a new civil action.

Simultaneous with the filing of his original complaint, plaintiff also filed a motion for leave to file the complaint. Since then, Plaintiff has filed an amended complaint, and this Order separately grants Plaintiff leave to file a second amended complaint to cure defects discussed above. Accordingly, the motion for leave to file a complaint is denied as moot.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Assistant Warden Elmore, Administrator of Health Services Brian Walls, Warden Pliler, Assistant Warden Mr. Heuett, former Warden John Petrucci, and former Assistant Warden LeMaster, with leave to replead those claims on, or before, September 10, 2021. A second amended complaint form is attached. If Plaintiff fails to file a second amended complaint, or seek an extension of his deadline, the claims that have been dismissed herein may be dismissed with prejudice.

Plaintiff's two pending motions are denied, and the Clerk of Court is directed to terminate them. (ECF Nos. 3, 8.)

The Clerk of Court is further instructed to (1) complete the USM-285 forms with the addresses for Administrator of Health Services Ms. Grove, Director of Health Services Dr. Alfonso Linley, and Mid-Level Medical Provider Ann Stewart; (2) check the box on the USM-285 forms labeled "Check for service on U.S.A."; (3) issue summonses; and (4) deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 6, 2021
White Plains, New York

NELSON S. ROMÁN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Ms. Grove, Administrator of Health Services
Otisville Correctional Facility
2 Mile Drive
Otisville, N.Y. 10963

2. Dr. Alfonso Linley, Director of Health Services
Otisville Correctional Facility
2 Mile Drive
Otisville, N.Y. 10963

3. Ann Stewart, Mid-Level Medical Provider
Otisville Correctional Facility
2 Mile Drive
Otisville, N.Y. 10963

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_______________________________________

_______________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**SECOND AMENDED COMPLAINT**

**(Prisoner)**

Do you want a jury trial?
☐ Yes ☐ No

_______________________________________

_______________________________________

_______________________________________

_______________________________________

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________

First Name Middle Initial Last Name

______________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________

Current Place of Detention

______________________________

Institutional Address

______________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated ______________________ Plaintiff's Signature ______________________

First Name Middle Initial Last Name

Prison Address

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ______________