UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/2022
```

BRIAN EDWARDS REYNOLDS,

                Plaintiff,

-against-

FEDERAL BUREAU OF PRISONS, *et al.*,

                Defendants.

No. 21-cv-4763 (NSR)
**ORDER**

NELSON S. ROMÁN, United States District Judge:

      By letter dated December 15, 2021, titled "Re: Status of Plaintiff," *pro se* Plaintiff Brian Reynolds ("Plaintiff"), a federal inmate, moves this Court for an Order which provides, *inter alia*, that the Court will supervise and secure his safe transfer to his newly designated facility within the Federal Bureau of Prisons ("BOP"). (ECF No. 35.) The Government opposes the application on the basis that it is the BOP who is tasked with the responsibility of designating, placing, and securing the transfer of federally detained inmates. (ECF No. 42.) For the reasons below, Plaintiff's requests are DENIED.

      Plaintiff, who is currently incarcerated at the Federal Correctional Institute, Otisville ("FCI Otisville") in Otisville, New York, asserts that he has been approved to be transferred to a new facility. (ECF No. 35 at 1.) Plaintiff moves the Court to (1) "supervise his transfer to ensure his wellbeing to ensure he is available to communicate or be present in this case" and (2) "be prepared to deny any motion for dismissal [of his pending lawsuit] by the defense." (*Id.* at 7.) Plaintiff alleges that the transfer was "surprisingly" approved "so that the defense can move for a dismissal of the case at bar citing Reynolds' health is no longer affected by issues at Otisville." (*Id.* at 6.) Plaintiff further fears that the BOP and the United States Marshals Services will fail to ensure his safety during the transfer process and opines that the transfer

approval was retaliatory in nature. (*Id.* at 4 6.) The Government opposes Plaintiff's application on the basis that (1) Plaintiff's transfer was approved in December 2021 pursuant to a request Plaintiff himself made in October 2021; (2) if Plaintiff no longer wishes to be transferred, he may make a request through his unit team at FCI Otisville; and (3) the Government "does not intend to cite the transfer as a basis for any of its defenses in this matter." (ECF No. 42.) Moreover it is the BOP who is primarily responsible for the placement of inmates. (*Id.*)

As an initial matter, the Court notes that decisions regarding correctional facility placements and transfers are under the authority of the BOP and are not under the control of the United States District Courts. To the extent Plaintiff is seeking a preliminary injunction from the Court regarding his prison transfer, this request is denied because Plaintiff has not demonstrated he is entitled to the extraordinary remedy of a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The Court also notes that Plaintiff's statements do not appear rise to the level of a constitutional violation, let alone an Eighth Amendment violation. *See, e.g.*, *Lawrence v. Agramonte*, No. 3:19-CV-1498 (VAB), 2020 WL 2307642, at *5 (D. Conn. May 8, 2020) ("courts have generally required that the inmate allege that he suffered physical harm" in stating a deliberate indifference to health or safety claim under the Eighth Amendment).

Though Plaintiff alleges the approval of his transfer is part of the Government's scheme to seek dismissal of the instant action, such assertion is conclusory and lacks any proffer to support such assertion. Moreover, the Government asserts that it does not intend to rely on the transfer as a basis for seeking dismissal. (ECF No. 42.) For all the reasons provided, the motion is DENIED.

*Pro se* Plaintiff is hereby reminded that should any transfer of facilities occur it is Plaintiff's responsibility to notify the Court of any change of address.

The Clerk of the Court is kindly directed to mail a copy of this Order to Plaintiff and show service on the docket.

February 11, 2022  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge