UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN EDWARDS REYNOLDS,

                        Plaintiff,

   -against-

UNITED STATES OF AMERICA, *et al.*,

                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/2022

No. 21-cv-4763 (NSR)
**ORDER**

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Plaintiff Brian Edwards Reynolds ("Plaintiff"), currently incarcerated, brings this Section 1983 action against Defendants Tara Grove, Alphonso Linley, and Ann Stewart ("Defendants") alleging inadequate medical care for his medical condition allegedly caused by certain conditions at the Federal Correctional Institution, Otisville facility. Before the Court is Plaintiff's motion to compel dated May 31, 2022. (ECF No. 61.) Defendants oppose Plaintiff's requests. (ECF No. 62.) For the following reasons, this Court DENIES Plaintiff's motion.

### DISCUSSION

    Plaintiff asks this Court to "dispatch investigators . . . to go to the defendants' workplace and obtain information pertinent to developing the record." (ECF No. 61.) Plaintiff seeks information regarding "the lengthy underground waterpipe replacement/repair project" and seeks to obtain "at least 10 affidavits" of affected inmates, "all emails" between inmate-to-staff and staff-to-staff, "all legal correspondence between inmates and outside entities and/or attorneys or legal organizations that may reveal the desperation of inmates suffering the itching," documents and affidavits from staff at the Federal Bureau of Prisons, and "emails from/to "any persons or parties or organizations and attorneys in regard to the endemic." (*Id.*)

Plaintiff's request is improper, premature, procedurally deficient for several reasons. First, as an initial matter, this Court is a neutral arbiter and is not an advocate for any of the parties. The Court does not conduct investigations at the request of either party. *See Therrien v. Martin*, No. 3:07-CV-1285JCH, 2007 WL 3269745, at *1 (D. Conn. Oct. 31, 2007) (citing *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000)). Accordingly, it is improper to ask the Court to "dispatch investigators" and to conduct discovery on the behalf of *pro se* Plaintiff. The proper procedure for discovery is for Plaintiff to serve discovery requests directly to Defendants during the discovery phase of the litigation. Defendants are obligated to respond with the relevant information and documents to the extent such requested items are not subject to a privilege or other protections. *See* Fed. R. Civ. Pro. 26. Furthermore, Plaintiff's requests appear to be overbroad. Plaintiff has not established the relevance of the requested information to his claims and appears to seek various documents and communications that are plainly protected under the attorney-client privilege.

Second, a discovery request is improper at this stage of the litigation. The parties are in the midst of briefing Defendants' motion to dismiss Plaintiff's Complaint. It is premature to establish a discovery plan at this juncture. *See Bridges v. Corr. Servs.*, No. 17-cv-2220 (NSR), 2020 WL 6899695, at *4 (S.D.N.Y. Nov. 24, 2020).

Lastly, this Court's individual rules and Local Civil Rule 37.2 require that a party moving for the production of discovery to request an informal conference with the Court before filing of any such motion, and in advance of filing that motion, the moving party is required to meet and confer with the parties upon which it promulgated discovery requests. *See Bridges*, 2020 WL 6899695, at *4. Here, Plaintiff neither filed a letter seeking a pre-motion conference nor indicated that he met and conferred with Defendants concerning his discovery requests.

Accordingly, the Court denies Plaintiff's motion to confer. Any requests by Plaintiff to seek production of documents and communications that are irrelevant to his claims in this action or are subject to attorney-client privilege are dismissed with prejudice. All other requests by Plaintiff are dismissed without prejudice to renew.

## CONCLUSION

The Court DENIES Plaintiff's motion to compel. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 61. The Clerk of the Court is further directed to mail a copy of this Order to *pro se* Plaintiff and show of service on the docket.

Dated: July 15, 2022       SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

3