USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/8/2022__

**MEMORANDUM ENDORSEMENT**

<u>Reynolds v. Federal Bureau of Prisons et al</u>, No. 7:21-cv-4763 (NSR)

      The Court is in receipt of *pro se* Plaintiff Brian Reynold's "motion to deny motions," dated August 1, 2022 (ECF No. 76).  Plaintiff asks the Court to deny Defendants' motion to dismiss and sets forth his opposing arguments.  A "motion to deny motions" is not a proper motion before this Court. Plaintiff's submission appears to be an opposition paper to Defendants' motion to dismiss.  However, Plaintiff has already served an opposition on May 15, 2022 (ECF No. 72) and Plaintiff has not sought leave from the Court to file a surreply.

      Plaintiff's "motion" is DENIED with prejudice and his August 1, 2022 submission opposing Defendants' motion to dismiss is stricken as an unauthorized surreply.  Defendants' motion to dismiss, along with Plaintiff's opposition paper dated May 15, 2022, were filed on July 21, 2022, see ECF Nos. 67–74.  Accordingly, this Court deems Defendants' motion to dismiss to be fully submitted.  The Court will render a decision on Defendants' motion to dismiss, as opposed by Plaintiff, in due course.

      The Clerk of Court is respectfully directed to terminate the motion at ECF No. 76 and to mail a copy of this Memorandum Endorsement to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

DATED: August 8, 2022

White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of NEW YORK
August 1, 2022.

No. 21-CV-4763 (NSR)
Motion to Deny Motions

Brian Edward (No "s") Reynolds
    Plaintiff,

v.

United States of America, et al.,
    Defendant.



RE: Resistance to Defense Counsels "Motion to Dismiss The First Amended Complaint Under Federal Rule of Civil Procedure 12(B)(6), Or In The Alternative, For Summary Judgment Under Federal Rule of Civil Procedure 56" and "Reply Memorandum of Law In Further Support of Defendants' Motion to Dismiss The First Amended Complaint Under Federal Rule of Civil Procedure 12(B)(6), Or In The Alternative, For Summary Judgment Under Federal Rule of Civil Procedure 56"

1

Comes now Plaintiff, and moves the Honorable Court to Deny defense counsels motions as they are filed in reference to a "Bivens claim" and per the Courts Order filed July 15, 2022 this Case is characterized as a "Section 1983 action" (see Order No. 21-cv-4763(NSR) dated July 15, 2022 White Plains, New York).

In the alternative, submitting motions supported by case citings from cases ruled on well into the case at bar should be inadmissable since the cases are only available on Westlaw and Plaintiff has no access to Westlaw and the copies accompanying the copy of the defense counsels motion (Reply memorandum) is the first Plaintiff has seen of these cases. Furthermore, the citings are "Bivens" related, not "1983" related. Defense counsel also appears to claim these issues are better left to some congressional process and not to the Courts. How would a pro se plaintiff file for a congressional hearing to address claims of constitution harm? With respect to the defense

2

counsels attempt to successfully defend her clients, she is not defending the Constitution. There has been no denial from defendants that they did not wrongfully delay addressing the endemic at Otisville for over a year and merely handed out inadequate amounts of anti-itch cream. Furthermore, since no actual diagnoses has been established yet, defenses' claim that "First, Plaintiff's allegations fail to meet the objective prong of a deliberate indifference to medical needs claims because the skin condition alleged by plaintiff is not a "sufficiently serious medical need" is improper. It's also out of place as the main issue remains the deliberate delay of actively seeking remedies to the affliction, even to this date the facility in Pekin has no been contacted by Otisville with any updated information. Counsel continues her attack regarding the actual level of suffering as though she would not be one seeking

3

her own legal action if her doctor gave her one tube of anti-itch cream per month and never tried to actually seek the cause and cure of her affliction. Never-the-less, it's useless since the issue is the delay. Now, Plaintiff did enclose medical records with certain things highlighted and he requests the Judge to note in the records where medical provider Vander Hey-Wright stated that while Plaintiff was in the Otisville Special Housing Unit under a bogus "threat assessment" engineered by a retaliatory staff member, that the Captain ordered no more carry on meds in the Special Housing Unit and there was no security reason for it as Plaintiff never misused his meds. The highlighting of that medical record was to reveal to the court that medical isn't ran by medical staff as was revealed early on when plaintiff revealed that Doctor Linley stated that medical had no authority. It should also interest the court a close relationship between Captain O'Kane

4

and Tara Grove the assistant health Services administrator. The most suspision comes the day she was seen to have the same hair style as Mr. O'Kane, a type of long haired Mohawk. It was widely known they hung out close at the main line times when administrative staff gathered at the dining hall to be available to inmates. Then, in her "Reply Memorandum...", defense counsel claims on page 4 last line and page 5 "Second, even when liberally construed in Plaintiff's favor, the complaint is devoid of any factual allegations that plausibly show that any defendant "kn[ew] of and disregard[ed] an excessive risk to" Plaintiff's health of (and) safety. See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). Indeed, Plaintiff contention that medical staff at FCI Otisville did not know, but should have investigated, the cause of his skin condition, see Pl. Br. at 1, underscores the Complaint's failure to plausibly allege that defendant's knew of and disregarded an excessive

5

risk to Plaintiff's health and safety. What!?! Plaintiff sees that ole prosecutorial wordsmithing here. If Plaintiff's contention is that a bunch of men are complaining of itchy sores on their skin and staff just starts handing out anti-itch cream but doesn't take anyone to medical for a visual exam or do any biopsys or cultures for over one year, I'm sure any jury would find deliberate indifference to medical needs. There was a "I don't care what it is or what it does to them" attitude in staff's response. Defense can call the useless issue of anti-itch cream a "promptly treated for his skin condition" but you could throw boiling water on me and say you treated it too. Regarding III Lack of Administrative Exhaustion Plaintiff claims it would have been futile. Firstly, defense cites the CFR well but the practice of the B.O.P. is the Rule of Law here and it falls short of the CFR

6

regularly. Secondly, defense should have provided her proof that the administrative remedy process was not hindered instead of using note number 2 regarding a declaration from the coordinator. Plaintiff already asked the court to cautiously consider his credibility since he expressed dislike towards plaintiff in the past.

Wherefore, for all reasons herein, Plaintiff requests the court deny defense motions and allow this case to proceed in the interest of defending the constitution.

Respectfully Submitted
Brian Reynolds
Brian Reynolds
August 7, 2022

7